UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **KRISTYN REAM**<br>    8520 Hayden Lane<br>    Annandale, VA 22003<br><br><br>          Plaintiff,<br><br>    v.<br><br>**IN-Q-TEL, INC.**<br>    1800 Tysons Blvd., Suite 1200<br>    McLean, VA 22102<br><br><br>          Defendant. | Case No. 1:25-CV-01593<br><br><br><br><br><br><br><br><br>Complaint Filed:  September 23, 2025 |

## <u>DEFENDANT IN-Q-TEL'S MEMORANDUM IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS</u>

## <u>TABLE OF CONTENTS</u>

**Page**

I.     INTRODUCTION ................................................................................................. 1

II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ................................. 2

III.   LEGAL STANDARD............................................................................................. 4

IV.   ARGUMENT ....................................................................................................... 5

       A.    Ms. Ream Fails to Plausibly Allege a Violation of the Equal Pay Act, 29 U.S.C. § 206, *et seq*................................................................................. 5

       B.    Ms. Ream Fails to Plausibly Allege a Claim of Pay Discrimination under Title VII or the VHRA.......................................................................... 12

       C.    Ms. Ream Fails to Plausibly Allege a Causal Connection Between Her Protected Activity and the Alleged Retaliation. .................................... 13

V.    CONCLUSION................................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aboulhosn v. City of Manassas*,
  No. 1:25-cv-00610-MSN-LRV, 2025 WL 1869584 (E.D. Va. July 7, 2025) ..................12, 13

*Agbati v. Va. Dep't of Agric. & Consumer Servs.*,
  No. 3:19-cv-512, 2020 WL 4726291 (E.D. Va. Aug. 5, 2020), *aff'd*, No. 21-
  1097, 2022 WL 3543309 (4th Cir. Aug. 18, 2022)..................................................13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)............................................................................4, 5, 11

*Bass v. E.I. DuPont de Nemours & Co.*,
  324 F.3d 761 (4th Cir. 2003) ...................................................................5

*Baxter v. Hii Mission Techs. Corp.*,
  No. 1:24-cv-342, 2025 WL 789560 (E.D. Va. Mar. 12, 2025)...................... *passim*

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..............................................................................4, 5

*Bowman v. United Way Worldwide*,
  No. 1:24-cv-885, 2025 WL 51478 (E.D. Va. Jan. 8, 2025).......................................5

*Brennan v. Prince William Hosp. Corp.*,
  503 F.2d 282 (4th Cir. 1974) .......................................................................8

*Brown v. Porter*,
  No. 2:19cv376, 2020 WL 7704639 (E.D. Va. Oct. 20, 2020), *report and
  recommendation adopted,* No. 2:19cv376, 2020 WL 7226143 (E.D. Va. Dec.
  8, 2020), *aff'd*, No. 21-1035, 2022 WL 337129 (4th Cir. Feb. 4, 2022)................................11

*Carillo v. Wildlife Conservation Soc'y*,
  No. 23-CV-7387 (ARR) (PK), 2024 WL 4225555 (E.D.N.Y. Sep. 18, 2024)........................9

*Cox v. Red Hat, Inc.*,
  No. 1:23-cv-766, 2025 WL 889888 (E.D. Va. Mar. 21, 2025)................................14

*Cunningham v. Loudoun Cnty. Sheriff's Office*,
  No. 1:24-cv-00472-MSN-LRV, 2024 WL 4495489 (E.D. Va. Oct. 15, 2024) ......................11

*Datta v. Fairfax Cnty. Sch. Bd.*,
  No. 1:19-cv-1227 (RDA), 2020 WL 13691778 (E.D. Va. Jan. 31, 2020)................................5

*E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*,
 213 F.3d 175 (4th Cir. 2000) ..................................................5

*Earl v. Norfolk State Univ.*,
 No. 2:13CV148, 2014 WL 583972 (E.D. Va. Feb. 13, 2014) ........................ *passim*

*Hughes v. Xerox Corp.*,
 37 F. Supp. 3d 629 (W.D.N.Y. 2014) ..................................................10

*Kassman v. KPMG LLP*,
 No. 11 Civ. 3743 (LGS), 2022 WL 2066024 (S.D.N.Y. June 8, 2022)...................9

*Koonce v. Austin*,
 No. 3:21cv660, 2022 WL 3006188 (E.D. Va. July 28, 2022) ..............................14

*Laurent-Workman v. Wormuth*,
 54 F.4th 201 (4th Cir. 2022) ..................................................15

*Lettieri v. Equant Inc.*,
 478 F.3d 640 (4th Cir. 2007) ..................................................15

*Levesy v. Scolese*,
 No. 1:22-cv-1234, 2023 WL 5835763 (E.D. Va. Sep. 7, 2023) ..............................15

*Mezu v. Morgan State Univ.*,
 367 F. App'x 385 (4th Cir. 2010) ..................................................4

*Michael v. Va. Dep't of Transportation*,
 No. 3:21cv764, 2022 WL 3569004 (E.D. Va. Aug. 18, 2022)..............................13

*Noel-Batiste v. Va. State Univ.*,
 No. 3:12cv00826-HEH, 2013 WL 499342 (E.D. Va. Feb. 7, 2013) ..................6, 8, 11, 12

*Polak v. Va. Dep't of Env't Quality*,
 No. 3:20cv270, 2021 WL 9911525 (E.D. Va. July 7, 2021), *aff'd*, 57 F.4th
 426 (4th Cir. 2023)..................................................9

*Spencer v. Va. State Univ.*,
 224 F. Supp. 3d 449 (E.D. Va. 2016) ..................................................7, 10, 12, 13

*Spencer v. Va. State Univ.*,
 919 F.3d 199 (4th Cir. 2019), *as amended* (Mar. 26, 2019) ..................6, 8, 12

*St. Michael's Media, Inc. v. Mayor & City Council of Baltimore*,
 No. CV ELH-21-2337, 2023 WL 2743361 (D. Md. Mar. 31, 2023)....................11

*Strag v. Bd. of Trs., Craven Cmty. Coll.*,
 55 F.3d 943 (4th Cir. 1995) ..................................................6

*Univ. of Texas Sw. Med. Ctr. v. Nassar,*
    570 U.S. 338 (2013)..................................................................................................14

*Wheatley v. Wicomico Cnty., Maryland,*
    390 F.3d 328 (4th Cir. 2004) ......................................................................................8

*Yates v. United States Gov't,*
    No. 1:23cv1808, 2025 WL 283222 (E.D. Va. Jan. 23, 2025)....................................5

**Statutes**

29 U.S.C. § 206, *et seq*............................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 8(a)(2)................................................................................................4

Fed. R. Civ. P. 12(b)(6)..............................................................................................4

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Defendant In-Q-Tel, Inc. ("Defendant" or "IQT") respectfully submits this memorandum of points and authorities in support of its partial motion to dismiss specified causes of action and theories in Plaintiff Kristyn Ream's Complaint (the "Complaint").

## I.    <u>INTRODUCTION</u>

Plaintiff Kristyn Ream ("Ms. Ream") is a former Vice President in the Insights division at IQT.  She was employed from April 2022 through October 2024.  Compl. ¶¶ 7, 23.  The thrust of Ms. Ream's complaint is that, because she took a maternity leave from March to July 2023, she later experienced changes to her job responsibilities in June 2024 and was allegedly involuntarily terminated from employment in October 2024.  Compl. ¶¶ 18, 23, 32-37.  Those assertions give rise to the primary claims in the first two causes of action in her Complaint.[1] However, Ms. Ream has also attempted to tack on two additional counts that are based not on her maternity leave but rather on entirely unrelated allegations concerning her pay compared to male employees and one separate pay-related conversation with Human Resources ("HR").  For both of those contentions, Ms. Ream fails to provide non-conclusory factual allegations establishing required elements of her claims.

First, Ms. Ream brought an Equal Pay Act ("EPA") claim (Count III) based on the threadbare assertion that she was paid less than male Vice Presidents and Senior Directors. However, Ms. Ream has provided no allegations concerning the actual job responsibilities and working conditions of the alleged male comparators and rests her claim for unequal pay for substantially equal work based on title alone.  Such generalized and conclusory recitations of the

---

[1] IQT does not challenge these two causes of action here to the extent that they are based on her use of maternity leave, but it intends to challenge Ms. Ream's leave-related claims at the appropriate time and reserves all rights to do so.

elements of her EPA claim are insufficient and must be dismissed, as this Court recently held. *See Baxter v. Hii Mission Techs. Corp.*, No. 1:24-cv-342 (RDA/IDD), 2025 WL 789560, at *9 (E.D. Va. Mar. 12, 2025).  Additionally, while the Complaint is less than clear on this point, Ms. Ream may also be attempting to pursue a pay differential claim based on Title VII of the Civil Rights Act of 1964 ("Title VII") and the Virginia Human Rights Act ("VHRA") under Count II of the Complaint and, if so, any such claim should be dismissed for the same reason.

Second, Ms. Ream brought claims for retaliation under Title VII and the VHRA (Count IV) based on a single meeting with an HR employee about the percentage size of her bonus compared to that of a male colleague.  However, Ms. Ream fails to plausibly allege a causal connection between that meeting and the alleged removal of her management responsibilities two months later or her termination seven months later, nor does Ms. Ream allege that the decisionmakers were even aware of her meeting with HR.

In short, Ms. Ream lacks non-conclusory factual allegations for critical elements of her pay-related claims.  Her kitchen sink approach should be rejected and the case trimmed to its proper size before it proceeds to discovery as to her leave-related claims.  Accordingly, IQT respectfully requests that the Court dismiss (1) Ms. Ream's Equal Pay Act claim (Count III), (2) any pay differential claim that may be part of her Title VII and VHRA discrimination claim (Count II), and (3) and her Title VII and VHRA retaliation claims (Count IV).

## II.    RELEVANT[2] FACTUAL AND PROCEDURAL BACKGROUND

Ms. Ream alleges that she began working for IQT in April 2022 as the Vice President of Insights.  Compl. ¶ 7.  Ms. Ream alleges that in April 2024, she engaged in protected activity by

---

[2] Because IQT does not seek to dismiss Plaintiff's claims for FMLA retaliation and interference and sex discrimination based on her leave, Ms. Ream's allegations concerning her maternity leave are not recounted here.

raising concerns about her compensation during a meeting with HR Vice President Lauren Christmas.  Specifically, Ms. Ream inquired about "her pay being below the midpoint and asked why her raise was only 4%" when her colleague Jake Harrington "was provided with a 7% raise."  Compl. ¶¶ 10, 28, 41.  Ms. Ream does not allege what those percentages translate to in terms of actual dollars.  Ms. Ream then alleges that two months after her meeting with Ms. Christmas, "in June 2024, IQT formally removed Ms. Ream's supervisory responsibilities" and that seven months after the HR meeting, "[o]n October 24, 2024, IQT finalized Ms. Ream's termination."  Compl. ¶¶ 18, 23, 41, 42.  Ms. Ream makes no other allegations that reference Ms. Christmas or the April 2024 meeting and does not allege that Ms. Christmas had any responsibility for the decision to remove Ms. Ream's supervisory responsibilities or to terminate Ms. Ream's employment.

Ms. Ream also claims that she was paid less than male employees. Ms. Ream's sole allegation in support of this claim is that "[t]hroughout her tenure, [she] was paid more than $20,000 below the midpoint for her VP position and earned less than male Senior Directors and Vice Presidents despite performing substantially equal, if not greater, work in standing up a new business area, developing new products, and generating a significant amount of new revenue for the company."  Compl. ¶¶ 28, 38.  Ms. Ream does not provide any factual allegations as to what skill, effort, and responsibility are required of the "male Senior Directors and Vice Presidents" in their roles.  Ms. Ream also does not allege that Mr. Harrington had a Senior Director or Vice President title.

On January 10, 2025, Ms. Ream filed a charge of discrimination with the EEOC against IQT purporting to exhaust her administrative remedies.  Compl. ¶ 3.  On September 23, 2025, Ms. Ream commenced the instant action in the United States District Court for the Eastern

District of Virginia, Case No. 1:25-cv-01593 (the "Lawsuit"), asserting the following Counts: (1) Family and Medical Leave Act ("FMLA") retaliation, (2) Title VII and VHRA sex discrimination, (3) Equal Pay Act discrimination, and (4) Title VII and VHRA retaliation. Compl. ¶¶ 32-43.

IQT now brings this Partial Motion to Dismiss Count III for discrimination under the EPA, Count II to the extent Ms. Ream asserts a pay discrimination claim, and Count IV for retaliation under Title VII and the VHRA.

## III.   LEGAL STANDARD

A motion to dismiss is appropriate when a complaint, or a claim within a complaint, fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Such a motion must be read in conjunction with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Fed. R. Civ. P. 8(a)(2); *Earl v. Norfolk State Univ.*, No. 2:13CV148, 2014 WL 583972, at *3 (E.D. Va. Feb. 13, 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive such a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Mezu v. Morgan State Univ.*, 367 F. App'x 385, 388 (4th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009)); *Twombly*, 550 U.S. at 570; *see also* Fed. R. Civ. P. 8(a)(2).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully .... Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

550 U.S. at 557). "[N]aked assertions devoid of further factual enhancement" do not state a claim and are not assumed to be true. *Id.* A complaint must contain more than "'labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Yates v. United States Gov't*, No. 1:23cv1808 (RDA/WEF), 2025 WL 283222, at *1 (E.D. Va. Jan. 23, 2025) (quoting *Twombly*, 550 U.S. at 555). Moreover, the court is not bound by "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). While a plaintiff alleging employment discrimination need not establish a *prima facie* case at the pleading stage, the plaintiff must still allege "'facts sufficient to state all the elements of [his or her] claim.'" *Datta v. Fairfax Cnty. Sch. Bd.*, No. 1:19-cv-1227 (RDA), 2020 WL 13691778, at *2 (E.D. Va. Jan. 31, 2020) (quoting *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)). "Additionally, '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Bowman v. United Way Worldwide*, No. 1:24-cv-885 (RDA/WEF), 2025 WL 51478, at *3 (E.D. Va. Jan. 8, 2025) (quoting *Iqbal*, 556 U.S. at 678) (granting partial motion to dismiss).

## IV.    ARGUMENT

### A.    Ms. Ream Fails to Plausibly Allege a Violation of the Equal Pay Act, 29 U.S.C. § 206, *et seq.*

The Equal Pay Act ("EPA") prohibits sex discrimination, by the payment of less than the wages paid the opposite sex, "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1). To survive a motion to dismiss, Ms. Ream must plead nonconclusory facts which, if taken as true, would establish that she received lower pay than a male co-employee, for performing a job which required substantially equal skill, effort and responsibility under similar

working conditions.  *See Baxter*, 2025 WL 789560, at *9.  Equality under the EPA is a

demanding threshold, requiring a comparator to have performed work "virtually identical (or the

apparent synonym, 'substantially equal')" to the plaintiff's in skill, effort, and responsibility.

*Spencer v. Va. State Univ.*, 919 F.3d 199, 203 (4th Cir. 2019), *as amended* (Mar. 26, 2019).

"[A]n Equal Pay Act plaintiff 'cannot rest on the bare allegation' that she is receiving lower pay

for equal work."  *Strag v. Bd. of Trs.*, *Craven Cmty. Coll.*, 55 F.3d 943, 950 (4th Cir. 1995).  Nor

can an EPA plaintiff merely plead that other male peers have similar titles and similar

generalized work responsibilities; the skill, effort and responsibility must be substantially equal

and must be made "'factor by factor.'"  *Noel-Batiste v. Va. State Univ.*, No. 3:12cv00826-HEH,

2013 WL 499342, at *6 (E.D. Va. Feb. 7, 2013).

 Courts, including this Court, routinely dismiss EPA claims where the plaintiff does not

describe the skill, effort, and responsibility associated with his or her job, or those of the

purported comparator with sufficient specificity to determine whether the job is indeed

performed under similar working conditions.  Indeed, earlier this year in *Baxter*, this Court

dismissed an EPA claim where the plaintiff had only "generically allege[d] that [the defendant]

'paid Plaintiff lower wages and lesser benefits than her male counterparts, including

compensating her replacement, Melody Walker, at a significantly higher salary than Plaintiff.'"

*Baxter*, 2025 WL 789560, at *9.  This Court reasoned that the *Baxter* plaintiff "ha[d] not

provided any information about specific male counterparts with similar employment

responsibilities being paid more than her."  *Id*.

 Other courts routinely reach the same conclusion when faced with similarly generalized

and deficient allegations of pay disparities.  *See, e.g.*, *Noel-Batiste*, 2013 WL 499342, at *6

(dismissing EPA claim because allegations that male peers with the same title earned more

"made no reference to the skills, effort, and responsibilities" required of the plaintiff's position or to the roles of the male comparators leaving "no comparisons of their respective skills, effort, and responsibilities" possible); *Spencer v. Va. State Univ.*, 224 F. Supp. 3d 449, 457 (E.D. Va. 2016) (dismissing EPA claim because allegations outlining the plaintiff's qualifications and her duty to "teach[] four classes each semester" did not specify the responsibilities of her own position and similarly lacked any detail regarding her proposed comparators' job duties, scholarly and research work, extracurricular activities, or working conditions); *Earl*, 2014 WL 583972, at *6 (dismissing EPA claims because allegations that the plaintiff "was at least as qualified" and that the job responsibilities were "essentially equivalent" did not describe the specific skill, effort, and responsibility required by the jobs held by him or his comparators).

Here, Ms. Ream's sole attempt to provide facts in support of her EPA claim are allegations that:

> Ms. Ream was paid more than $20,000 below the midpoint for her VP position and earned less than male Senior Directors and Vice Presidents despite performing substantially equal, if not greater, work in standing up a new business area, developing new products, and generating a significant amount of new revenue for the company.

> […]

> Ms. Ream was paid substantially less than male Vice Presidents and Senior Directors performing work requiring equal skill, effort, and responsibility.

Compl. ¶¶ 28, 38. Ms. Ream's generalized and conclusory allegations fail to identify male comparators with sufficient specificity, entirely omit any allegation that the male comparators performed jobs that required comparable skill, effort, and responsibility under similar working conditions, and only vaguely and ambiguously pleads unequal pay. Just as in *Baxter*, these numerous pleading defects, discussed below, warrant dismissal for failure to state an EPA claim.

An EPA plaintiff "cannot indiscriminately aim at all similarly-employed male counterparts collectively" based on title alone.  *Noel-Batiste*, 2013 WL 499342, at *6; *see also Spencer*, 919 F.3d at 203 (explaining that a plaintiff may not indiscriminately compare herself to all co-workers with similar titles collectively and then expect to meet the EPA standard for substantially equal work).  But that is all that Ms. Ream alleges: an indiscriminate comparison of herself to unspecified (and perhaps all) "male Senior Directors and Vice Presidents" based on title alone.  Compl. ¶ 28.  Ms. Ream's reference to two different job titles, unaccompanied by any allegations of actual job responsibilities, fails to satisfy her pleading burden.  *See Earl*, 2014 WL 583972, at *6 ("[j]ob descriptions and titles, however, are not decisive. Actual job requirements and performance are controlling.") (quoting *Brennan v. Prince William Hosp. Corp.*, 503 F.2d 282, 288 (4th Cir. 1974)); *see also Wheatley v. Wicomico Cnty., Maryland*, 390 F.3d 328, 332 (4th Cir. 2004) ("[w]e decline to accept the argument, however, that employees with the same titles and only the most general similar responsibilities must be considered 'equal' under the EPA" because "it is simply not the case that all department director positions require equal skills"); *Noel-Batiste*, 2013 WL 499342, at *6 (dismissing EPA claim with prejudice where the plaintiff had alleged only that there existed other "'faculty professors'" at the university who received a higher salary and some were male).

Ms. Ream's attempt to describe her own alleged job responsibilities in "standing up a new business area, developing new products, and generating a significant amount of new revenue for the company," Compl. ¶ 28, is not enough.  In the first place, this type of broad and generalized statement of job duties is precisely what courts have readily dismissed.  *Earl*, 2014 WL 583972, at *6 (finding allegation that the plaintiff was "at least as qualified" was insufficient to establish a proper comparator); *see also Baxter*, 2025 WL 789560, at *9 ("Plaintiff 'may not

- 8 -

rely on broad generalizations at a high level of abstraction' when pleading an EPA claim");

*Carillo v. Wildlife Conservation Soc'y*, No. 23-CV-7387 (ARR) (PK), 2024 WL 4225555, at *6

(E.D.N.Y. Sep. 18, 2024) ("'[B]road generalizations drawn from job titles' are insufficient;

instead, a plaintiff must tether her allegations to the 'actual job duties' she and

her comparators performed."); *Kassman v. KPMG LLP*, No. 11 Civ. 3743 (LGS), 2022 WL

2066024, at *5 (S.D.N.Y. June 8, 2022) (dismissing EPA claim where plaintiff relied on a

'"general list"' of tasks associated with her role, explaining that such '"broad generalizations

drawn from job titles, classifications, or divisions"' are insufficient to plausibly allege

substantially equal work); *Polak v. Va. Dep't of Env't Quality*, No. 3:20cv270, 2021 WL

9911525, at *3 (E.D. Va. July 7, 2021), *aff'd*, 57 F.4th 426 (4th Cir. 2023) (the highly

generalized argument that comparators '"had the same duties [regarding] strategic planning' and

'shared specific duties and responsibilities [regarding] intergovernmental and interagency

coordination, including facilitation and identifying of issues, []'" failed to establish an EPA

claim).  Indeed, '"the EPA demands more than a comparison of job functions from a bird's eye

view."' *Id.*

      But even more critically, Ms. Ream's Complaint is entirely devoid of any allegations

regarding the jobs held by the unspecified Vice Presidents and Senior Directors, the required

skill, effort, or responsibility, or the working conditions under which they performed their jobs.

Accordingly, there is no alleged factual basis for the court to infer that any male Vice Presidents

and Senior Directors, much less some unspecified collection of them, are appropriate

comparators to Ms. Ream; indeed, Ms. Ream's inclusion of Senior Directors as potential

comparators without further explanation is particularly puzzling given that Ms. Ream had a Vice

President title.  Instead, Ms. Ream's threadbare allegation simply parrots the EPA's statutory

language, which courts have soundly rejected as insufficient to state a claim.  29 U.S.C. §

206(d)(1); *see Earl*, 2014 WL 583972, at *6 (claim that responsibilities "of the job[s] were

essentially equivalent" is insufficient to state an EPA claim).  Ms. Ream's EPA claim must be

dismissed for this reason as well.  *See Baxter*, 2025 WL 789560, at *9 (dismissing EPA claim

because "[a]t the most base level, Plaintiff has not provided any information about specific male

counterparts with similar employment responsibilities being paid more than her").

At bottom, the burden rests with Ms. Ream to allege that the comparison is the

appropriate one; otherwise, the claim is just that some men and women are paid different

salaries, which is not actionable under the EPA.  *See Hughes v. Xerox Corp.*, 37 F. Supp. 3d 629,

645 (W.D.N.Y. 2014) ("'[b]ald allegations that male employees were paid more than female

employees ... will not survive a motion to dismiss...'").  And it is far from clear in this case that

Ms. Ream has alleged even that much.  Ms. Ream alleges that she was "paid more than $20,000

below the midpoint for her VP position."  Compl. ¶ 28.  But Ms. Ream does not specify what the

"midpoint" is in reference to, or whether it reflects an IQT-specific metric, or how "male Senior

Directors and Vice Presidents" were compensated relative to that "midpoint" or if there were

also male Senior Directors and Vice Presidents compensated below that midpoint.  Just as a

matter of logic, unless all employees with both the Vice President and Senior Director titles are

paid exactly the same — which the EPA does not require — some employees will always be

paid above the midpoint and others below.  *See Spencer*, 224 F. Supp. 3d at 457.  That does not

give rise to a plausible inference that comparable men were paid more for substantially similar

work than Ms. Ream.  Excluding that unintelligible allegation, Ms. Ream is left without even a

semblance of a factual allegation about pay disparities, and the Court need not accept the

conclusory assertion that she earned less than male Vice Presidents and Senior Directors.

Compl. ¶¶ 28, 38; *see Cunningham v. Loudoun Cnty. Sheriff's Office*, No. 1:24-cv-00472-MSN-LRV, 2024 WL 4495489, at *1 (E.D. Va. Oct. 15, 2024) (claim that plaintiff "was not compensated at the same level as her male counterparts" was insufficient because it did not allege what comparators earned or how her pay differed).

For the same reasons, Ms. Ream's conclusory allegations also fail to provide IQT fair notice of the alleged comparators.  While Ms. Ream is not required at this stage to identify comparators by name, *Noel-Batiste*, 2013 WL 499342, at *6, permitting her EPA claim to proceed threatens to impermissibly "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79; *see also St. Michael's Media, Inc. v. Mayor & City Council of Baltimore*, No. CV ELH-21-2337, 2023 WL 2743361, at *35 (D. Md. Mar. 31, 2023) ("Permitting plaintiffs to use discovery as a fishing expedition undermines the principle that only portions of a complaint which satisfy a plausibility standard, *i.e.*, more than possible and less than probable, should 'unlock the doors of discovery.'" (citation omitted)).  As currently pleaded, discovery could potentially be directed at many or even all male Vice Presidents and Senior Directors employed at IQT during the same time period as Ms. Ream, contrary to this Circuit's law and the Federal Rules of Civil Procedure.  *See Brown v. Porter*, No. 2:19cv376, 2020 WL 7704639, at *10 (E.D. Va. Oct. 20, 2020) (dismissing conclusory complaint and noting that "[t]he Fourth Circuit and Federal Rules of Civil Procedure do not permit Brown to obtain discovery based on conclusory pleadings" of discrimination), *report and recommendation adopted,* No. 2:19cv376, 2020 WL 7226143 (E.D. Va. Dec. 8, 2020), *aff'd*, No. 21-1035, 2022 WL 337129 (4th Cir. Feb. 4, 2022).

In short, Ms. Ream has failed to satisfy the factor-by-factor showing necessary to compare the skill, effort, and responsibility required by her job to that required of her purported

male comparators, as required by *Noel-Batiste,* and reiterated in *Spencer*, *Earl*, and *Baxter*. *Noel-Batiste*, 2013 WL 499342, at *6; *Spencer*, 224 F. Supp. 3d at 457; *Baxter*, 2025 WL 789560, at *9; *Earl*, 2014 WL 583972, at *6.  Ms. Ream has not pleaded non-conclusory factual allegations that, if true, could plausibly demonstrate that the jobs held by male IQT Vice Presidents and Senior Directors  required equal skill, effort, and responsibility and were performed under similar working conditions as her own, while being paid more than she was. Nor has Ms. Ream provided fair notice of the basis for any such comparison.  Accordingly, Ms. Ream's EPA claim must be dismissed. *Baxter*, 2025 WL 789560, at *9.

### B.    Ms. Ream Fails to Plausibly Allege a Claim of Pay Discrimination under Title VII or the VHRA.

It is not clear whether Count II's vague assertion that Ms. Ream was treated "less favorably than similarly situated male employees" is intended to allege wage based sex discrimination.  Compl. ¶ 35.  If so, it fails to state a plausible claim and should be dismissed for the same reasons as her EPA claim.

"The sex discrimination provisions of Title VII and the EPA are construed in harmony." *Spencer*, 224 F. Supp. 3d at 458.  To survive dismissal under Title VII and the VHRA, a plaintiff must allege direct evidence of intentional discrimination or "demonstrat[e] that she is female, i.e., a member of a protected class, and that the job she occupied was similar to higher paying jobs occupied by males."  *Id.* (dismissing Title VII wage discrimination claim where the plaintiff merely alleged that she was compensated at a lower rate than her male peers).  "[P]laintiff must allege facts showing that she and the male comparator are 'similarly-situated *in all respects*,' including their job descriptions, job standards, supervisors, and 'experience, education, and other qualifications.'"  *Aboulhosn v. City of Manassas*, No. 1:25-cv-00610-MSN-LRV, 2025 WL 1869584, at *3 (E.D. Va. July 7, 2025) (quoting *Spencer*, 919 F.3d at 207-08) (emphasis in

original).  Failure to allege facts as to how the jobs of the alleged comparators are sufficiently similar warrants dismissal.  *Id.* (dismissing EPA and Title VII wage discrimination claims).

Ms. Ream has alleged no direct evidence of intentional discrimination, nor has she alleged any facts showing circumstantial evidence of discrimination.  Just as for her EPA claim, Ms. Ream likewise fails to allege any facts that could support an inference that she or any comparator have jobs that are similarly situated.  *Agbati v. Va. Dep't of Agric. & Consumer Servs.*, No. 3:19-cv-512, 2020 WL 4726291, at *2 (E.D. Va. Aug. 5, 2020), *aff'd*, No. 21-1097, 2022 WL 3543309 (4th Cir. Aug. 18, 2022) (dismissing Title VII claim where the plaintiff identified purported comparators who performed "the same work" but alleged no specific facts showing that their job duties rendered them similarly situated).  She instead alleges a comparison based only on title, which is insufficient.  *Aboulhosn*, 2025 WL 1869584, at *3; *Michael v. Va. Dep't of Transportation*, No. 3:21cv764, 2022 WL 3569004, at *10 (E.D. Va. Aug. 18, 2022) (dismissing Title VII and EPA claims because conclusory allegations that male co-workers had the same title, supervisor, duties, and conditions were insufficient to support an inference of similar roles); *Spencer*, 224 F. Supp. 3d at 458-59 (dismissing Title VII and Equal Pay Act wage discrimination claims where the plaintiff failed to allege appropriate comparators).

Accordingly, for the same reasons as Count III, any portion of Count II premised on wage-based sex discrimination fails to state a claim and fails to provide IQT fair notice of the alleged comparators, and must be dismissed.

## C.    Ms. Ream Fails to Plausibly Allege a Causal Connection Between Her Protected Activity and the Alleged Retaliation.

At the pleading stage, retaliation claims under both Title VII and the Virginia Human Rights Act require that Ms. Ream plausibly allege: (1) engagement in a protected activity known to the decisionmaker; (2) an adverse personnel action; and (3) a causal relationship between the

two. *Cox v. Red Hat, Inc.*, No. 1:23-cv-766 (RDA/WEF), 2025 WL 889888, at *17 (E.D. Va. Mar. 21, 2025). In order to succeed on the merits of a retaliation claim, Ms. Ream must be able to show "that the desire to retaliate was the but-for cause of the challenged employment action." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013). But Ms. Ream here fails to plausibly connect her alleged protected activity—a single meeting with a single HR employee in April 2024 about why her raise was 4% when Mr. Harrington received a 7% raise, Complaint ¶ 41—with the alleged retaliatory action in removing her supervisory responsibilities two months later and ultimately terminating her in October 2024. *Id.* at ¶¶ 18, 23, 42.

In order to satisfy causation, Ms. Ream must allege that the relevant decisionmaker for the alleged adverse actions was aware of the protected activity. *See Koonce v. Austin*, No. 3:21cv660, 2022 WL 3006188, at *7 (E.D. Va. July 28, 2022) ("Because a plaintiff cannot meet retaliation's causation element when 'the relevant decisionmaker was unaware that the plaintiff had engaged in a protected activity,' the plaintiff here has not plausibly pleaded that the people who denied his cross-training had actual knowledge of his EEOC claim."). Ms. Ream has failed to do so. She does not and cannot allege that the HR employee, Lauren Christmas, had authority to or was involved in the decision to remove her supervisory responsibilities or terminate her employment. Nor does she allege that the individuals who made those decisions were aware of Ms. Ream's meeting with Ms. Christmas. The absence of those allegations makes it impossible to infer that Defendant acted with retaliatory animus and, by itself, warrants dismissal of Ms. Ream's retaliation claim.

Any possible inference of a causal connection is further undermined by the timing: a two-month gap between Ms. Ream's alleged meeting with Ms. Christmas and the purported removal of her supervisory responsibilities and a seven-month gap before her termination. Compl. ¶¶ 18,

23, 27, 41; *see Levesy v. Scolese*, No. 1:22-cv-1234 (RDA/IDD), 2023 WL 5835763, at *11 (E.D. Va. Sep. 7, 2023) (finding a two-month gap between protected activity and alleged adverse action negated any inference of a causal connection).  Although there is no bright line rule, the Fourth Circuit has declined to find causation where the gap between the protected activity and the alleged retaliation is only two months.  *See Laurent-Workman v. Wormuth*, 54 F.4th 201, 219 (4th Cir. 2022) ("[A] two-month temporal gap ... is sufficiently long so as to weaken significantly the inference of causation[.]").  Here, Ms. Ream's allegation that she was first retaliated against in June 2024 when her supervisory responsibilities were allegedly removed is simply too far attenuated from the date of her HR meeting with Ms. Christmas to establish a temporal link, and the date of her alleged termination seven-months later is only more attenuated.  As such, Ms. Ream fails to plausibly plead her retaliation claim on the basis of temporal proximity.

The burden to plausibly plead causation lies with Ms. Ream, and absent temporal proximity, "Plaintiff must allege that their employer exhibited 'continuing retaliatory conduct and animus' in the intervening period."  *Baxter*, 2025 WL 789560, at *7 (quoting *Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007)).  Her barebones Complaint fails to do so.  There are simply no other factual allegations that would suggest a causal connection between Ms. Ream's alleged raising of pay inequity in the HR meeting with Ms. Christmas and Ms. Ream's alleged removal of supervisory responsibilities or eventual termination.  Compl. ¶ 41.[3]  Indeed, Ms. Christmas is mentioned only once in the entire Complaint solely in connection with the

---

[3] While the Complaint generally alleges "discrimination," Ms. Ream does not assert factual allegations suggesting that she engaged in any protected activity beyond her discussion of alleged pay inequity with Ms. Christmas.  Any contention that Count IV is based on conduct other than that single meeting is unsupported by the Complaint, which identifies no other factual allegations in connection with Ms. Ream's retaliation claim.

April meeting with Ms. Ream, and there is no connection alleged between that meeting and the actions of which Ms. Ream complains in her retaliation claims.

Because Ms. Ream has failed to plausibly plead causation — a required element of her retaliation claims —  Count IV for retaliation under Title VII and the VHRA should be dismissed.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that the Court dismiss without leave to amend Count III in its entirety, Count II to the extent it asserts a pay differential claim, and Count IV in its entirety.

Dated: November 24, 2025                          Respectfully submitted,

                                                  GOODWIN PROCTER LLP


                                                  By: _/s/ Katherine Cheng_____
                                                       Katherine Cheng
                                                       KatherineCheng@goodwinlaw.com
                                                       GOODWIN PROCTER LLP
                                                       1900 N Street NW
                                                       Washington, District of Columbia
                                                       Telephone:+1 202 346 4000

                                                       Jeremy Lewis (p*ro hac vice forthcoming)*
                                                       JeremyLewis@goodwinlaw.com
                                                       GOODWIN PROCTER LLP
                                                       525 Market Street, Floor 32
                                                       San Francisco, California  94105
                                                       Telephone:+1 415 733 6000

                                                       Attorneys for Defendant
                                                       IN-Q-TEL, INC.

**CERTIFICATE OF SERVICE**

I, Katherine Cheng, hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as indicated on the Notice of Electronic Filing (NEF) on November 24, 2025.

/s/ Katherine Cheng
Katherine Cheng