**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **KRISTYN REAM** ) | |
| ) | |
| Plaintiff, ) | Civil **Action No:** 1 :25-cv-01593-RDA-LRV |
| ) | |
| v. ) | |
| ) | |
| **IN-Q-TEL, INC.,** **)** | |
| **)** | |
| Defendant. ) | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### INTRODUCTION

Kristyn Ream brought this action because she was paid less than male employees performing work requiring similar skill, effort, and responsibility, and terminated from her employment when she took protected family leave. Defendant In-Q-Tel, Inc.'s has moved to dismiss three parts of Plaintiff's Complaint: (1) the Equal Pay Act claim; (2) the pay-differential portion of the Title VII/VHRA sex discrimination claim; and (3) the Title VII/VHRA retaliation claim. Defendant's motion should be rejected because Ms. Ream has met the liberal pleading requirements for each claim.

### LEGAL ARGUMENT

#### I.    Legal Standard for Motion to Dismiss.

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a

complaint," which in this case is "measured by whether it meets the standards for a pleading stated in Rule 8 (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted)." *Francis v. Giacomelli,* 558 F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) requires only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft,* 556 U.S. at 677-78 (2009) (*citing* Fed. R. Civ. P. 8(a)(2)). A motion to dismiss tests the sufficiency of a complaint without resolving factual disputes, and when ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kensington Volunteer Fire Dep't v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012).

To prevail on a motion to dismiss, a Title VII plaintiff need not plead facts establishing a *prima facie* case so long as the complaint contains sufficient factual allegations to meet the Rule 8 standard for pleading and raises a right to relief above the speculative level. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510–15 (2002); *Coleman v. Maryland Court of Appeals,* 626 F.3d 187, 190 (4th Cir. 2010). "At bottom, determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal citations omitted).

## II.    The Complaint Plausibly Alleges Unequal Pay Based on Sex.

### A.  Equal Pay Act.

Under the Equal Pay Act, a plaintiff may establish a prima facie case of unequal pay, i.e., (1) that the defendant employer pays different wages to employees of opposite sexes; (2) that these employees hold jobs that require equal skill, effort, and responsibility; and (3) that such jobs are performed under similar working conditions. *Lovell v. BBNT Sols., LLC*, 295 F. Supp.

2

2d 611, 618 (E.D. Va. 2003) (citing *Brinkley v. Harbour Recreation Club,* 180 F.3d 598, 613 (4th Cir. 1999)). Defendant seeks to dismiss Ms. Ream's equal pay act claim by arguing that she has not established that she and the male Vice Presidents had the exact same job. However, there is no requirement that two people hold the exact same job. *See Lovell,* 295 F. Supp. 2d at 618 ("a plaintiff need not prove that her job is identical to a higher paid job; rather, the test is one of substantial equality.").

Rather, a plaintiff need only show that her job and those of a higher paid man (or men) require equal skill, effort, and responsibility, and are performed under similar circumstances. The Amended Complaint alleges that Ms. Ream served as the Vice President of Productization, while Mr. Coley Lewis and Mr. Matt Kemph served as Vice Presidents of Partnerships and Mr. Peter Bronez and Mr. Brian Norville served as Vice Presidents of Technical Practice. All five employees held the same position and served at the same executive level within Defendant's organization, operated under the same compensation and bonus framework, and performed overlapping and integrated core functions. Plaintiff and the male Vice Presidents also worked under similar working conditions, including in the same office location, reporting through the same leadership chain, and operating under the same executive performance evaluation and bonus structure. Despite the similarity of job function and condition, the four men were paid within the range of $230,000 - $240,000 while Ms. Ream was paid only $202,000. Ms. Ream also alleges that she and the four men had the same customer-facing and investment functions and input into building and delivering Insights products. All five employees engaged with government customers, portfolio companies, and evaluated companies for investments.

While equality under the Equal Pay Act is a demanding standard, a plaintiff is entitled to a full and fair opportunity to discover and prove the skills, effort, and responsibilities required

for each position through discovery before the case is dismissed. Indeed, the only precedential cases cited by Defendant to support its contention that Ms. Ream has not alleged sufficient factual details are those decided after discovery. *See Spencer v. Va. State Univ.*, 919 F.3d 199, 203 (4th Cir. 2019) (affirming summary judgment on Equal Pay Act claim); *Wheatley v. Wicomico Cty.*, 390 F.3d 328, 332 (4th Cir. 2004) (affirming judgment as a matter of law); *Noonan v. Consol. Shoe Co.*, No. 6:20-cv-00068, 2021 U.S. Dist. LEXIS 223949, at *1 (W.D. Va. Nov. 18, 2021) (granting summary judgment); *Angelo v. Bacharach Instrument Co.*, 555 F.2d 1164, 1166 (3d Cir. 1977) (affirming directed verdict)*; Consol. Shoe Co.*, No. 6:20-cv-00068, 2021 U.S. Dist. LEXIS 223949, at *1 (W.D. Va. Nov. 18, 2021) (granting summary judgment)[1].

Nor do the unpublished cases cited by Defendant support its contention that dismissal is warranted here. In *Noel-Batiste v. Va. State Univ.,* the Plaintiff failed to identify any male comparators and did not describe the skills, effort, and responsibilities required of herself or those of the male professors who she alleges receive a greater salary. Civil Action No. 3:12cv00826-HEH, 2013 U.S. Dist. LEXIS 16875, at *17 (E.D. Va. Feb. 6, 2013). Similarly, *Baxter v. HII Mission Techs. Corp.*, is inapposite because the Amended Complaint in that case did "not provide[] any information about specific male counterparts with similar employment responsibilities being paid more than her." Civil Action No. 1:24-cv-342 (RDA/IDD), 2025 LX 255649, at *27 (E.D. Va. Mar. 12, 2025); *see also Morehouse v. Canadian Nat'l Ry. Co.*, No. 21-cv-04213, 2025 LX 111140, at *14 (N.D. Ill. Mar. 28, 2025) (complaint dismissed due to

---

[1] The decision in *Kassman v. KPMG LLP*, also fails to support the contention that Plaintiff's comparison of duties is insufficiently detailed to survive a motion to dismiss as the question in that case was whether to certify a Proposed Collective of cases. 416 F. Supp. 3d 252, 289 (S.D.N.Y. 2018).

"unidentified comparators").

In *Port Authority*, the court rejected profession and credential-based comparisons, *i.e.,* "an attorney is an attorney is an attorney." *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 257 (2d Cir. 2014) 768 F.3d at 257. Here, Plaintiff does not rely on the similarity in professional degrees to compare herself to men making more money; nor does she contend that executives are interchangeable by title or degree. Rather, Ms. Ream alleges that she performed substantially equal work to her male peers based on their actual job content the actual customer-facing, revenue-generating, and investment-related functions she performed. Because the comparison is job content-based rather than title or credentials-based, her Equal Pay Act claim is sufficiently pled. *See* 768 F.3d at 258 ("a successful EPA claim depends on the comparison of actual job content; broad generalizations drawn from job titles, classifications, or divisions, and conclusory assertions of sex discrimination, cannot suffice.").

### B. Title VII.

"The primary difference between EPA and Title VII claims is that under Title VII 'there is a relaxed standard of similarity between male and female-occupied jobs, but a plaintiff has the [ultimate] burden of proving intent to discriminate on the basis of sex.'" *Lovell v. BBNT Sols., LLC*, 295 F. Supp. 2d 611, 624-25 (E.D. Va. 2003) (quoting *Brinkley-Obu v. Hughes Training, Inc.,* 36 F.3d 336, 343 (4th Cir. 1994). Under Title VII, a plaintiff can establish a *prima facie* case "by demonstrating that she is female, i.e., a member of a protected class, and that the job she occupies [is] similar to higher paying jobs occupied by males." *Id.* Here, Ms. Ream plausibly alleges that she was paid less than four male Vice Presidents with whom she shared a common core of responsibilities, i.e., "to manage and deepen relationships with government agencies and

startups." Docket No. 11 at ¶ 29. Accordingly, for the same reasons that Ms. Ream has met the standard for similarity between jobs under the Equal Pay Act, she has also met the requirement under Title VII.

**III.    The Complaint Plausibly Alleges Retaliation for Complaints of Sex Discrimination.**

"A prima facie case of retaliation requires proof that: (1) the plaintiff engaged in protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse action." *Ray v. Int'l Paper Co.*, 909 F.3d 661, 669 (4th Cir. 2018). However, "a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss." *Tutt v. Wormuth*, No. 19-2480, 2021 U.S. App. LEXIS 26986, at *3 (4th Cir. Sep. 8, 2021). Thus, the allegations that Ms. Ream complained to Human Resources about sex-based pay combined and was terminated two weeks later is sufficient to survive a motion to dismiss. The question of whether the decision-makers were aware of Ms. Ream's complaints to Human Resources, which is a subpart of one of the elements, is not required to be proven at this stage of the case. Rather, it is a factual question, best resolved by a jury after a full and fair opportunity for discovery. *See Dey v. Colt Const. & Dev. Co.*, 28 F.3d 1446, 1458 (7th Cir. 1994) ("A Title VII plaintiff may rely on circumstantial evidence to establish her employer's awareness of protected expression.").

**CONCLUSION**

Because the Amended Complaint plausibly alleges that Defendant paid Ms. Ream less than similarly situated males and terminated her employment because she complained about pay discrimination, Defendant's Partial Motion to Dismiss should be denied.

Date: January 20, 2026                                  Respectfully submitted,

                                                        */s/ Ellen K. Renaud*
                                                        Ellen K. Renaud [VA # 47326]
                                                        Law Offices of Ellen K. Renaud
                                                        7839 Seth Hampton Drive
                                                        Alexandria, VA 22315
                                                        (301) 908-6060
                                                        Ellen@RenaudLawyers.com

                                                        *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on January 20, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to Defendant's counsel of record.

                                                        */s/ Ellen K. Renaud*
                                                        Ellen K. Renaud