**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **KRISTYN REAM**<br>8520 Hayden Lane<br>Annandale, VA 22003<br><br>Plaintiff,<br><br>v.<br><br>**IN-Q-TEL, INC.**<br>1800 Tysons Blvd., Suite 1200<br>McLean, VA 22102<br><br>Defendant. | Case No. 1:25-CV-01593 |

**DEFENDANT IN-Q-TEL'S ANSWER TO THE FIRST AMENDED COMPLAINT**

Defendant In-Q-Tel, Inc. ("Defendant"), hereby responds to Plaintiff Kristyn Ream's ("Plaintiff") First Amended Complaint ("FAC"), ECF No. 11. Defendant answers the specific allegations of the FAC and avers as follows, with the numbered paragraphs, headings, and sub-headings corresponding to the like-numbered paragraphs, headings, and sub-headings in Plaintiff's FAC. The headings and sub-hearings are not allegations to which a response is necessary. To the extent a response is required, Defendant denies any averments in the headings or sub-headings of the FAC.

## INTRODUCTION

1. This paragraph states legal conclusions and characterizations to which no response is required. This paragraph also contains allegations relating to claims that have been dismissed with prejudice, to which no response is required. To the extent a response is required, Defendant

admits that Plaintiff filed claims on the basis of interference and retaliation in violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq, gender/sex discrimination in violation of the Virginia Human Rights Act, Virginia Code §§ 2.2-3900 et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq, and pay inequity based on sex in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d). Defendant further states that Plaintiffs' pay-based claims have been dismissed with prejudice. ECF No. 21. Otherwise denied.

## JURISDICTION

2. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the EEOC issued a notice of right to sue dated July 30, 2025. Otherwise denied.

## VENUE

4. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

6. Defendant admits that it has a location at 1800 Tysons Boulevard, McLean, VA 22102 and that it does business in Virginia. Otherwise denied.

## FACTS

7. Defendant admits that Plaintiff began employment with Defendant in or around April 2022. Otherwise denied.

8. Defendant admits that Plaintiff took a maternity leave of absence beginning March 31, 2023. Otherwise denied.

9. Denied.

10. Defendant admits that Mr. Harrington sent a draft article to an editorial director prior to sending it to Plaintiff in or around September 2023. Otherwise denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied. Further answering, Defendant states that in or around early October 2024, Defendant and Plaintiff had communications concerning the cessation of Plaintiff's role on the Insights team, opportunities for other roles with Defendant, and the possibility of providing severance if Plaintiff preferred leaving Defendant rather than accepting another role with Defendant.

21. Denied.

22. Denied.

23. Denied.

24. Defendant admits that on or around October 25, 2024, Julianne Sobral sent Plaintiff certain documents relating to a potential separation from Defendant's employment. Otherwise denied.

25. Denied.

26. Denied.

27. Denied.

28. This paragraph contains allegations relating to claims that have been dismissed with prejudice, to which no response is required. To the extent a response is required, denied.

29. This paragraph contains allegations relating to claims that have been dismissed with prejudice, to which no response is required. To the extent a response is required, denied.

30. This paragraph contains allegations relating to claims that have been dismissed with prejudice, to which no response is required. To the extent a response is required, denied.

31. This paragraph contains allegations relating to claims that have been dismissed with prejudice, to which no response is required. To the extent a response is required, denied.

32. This paragraph contains allegations relating to claims that have been dismissed with prejudice, to which no response is required. To the extent a response is required, denied.

33. This paragraph contains allegations relating to claims that have been dismissed with prejudice, to which no response is required. To the extent a response is required, denied.

34. This paragraph contains allegations relating to claims that have been dismissed with prejudice, to which no response is required. To the extent a response is required, denied.

35. This paragraph contains allegations relating to claims that have been dismissed with prejudice, to which no response is required. To the extent a response is required, denied. Defendant specifically denies the allegation concerning Molly Just.

36. This paragraph contains allegations relating to claims that have been dismissed with prejudice, to which no response is required. To the extent a response is required, denied.

37. This paragraph contains allegations relating to claims that have been dismissed with prejudice, to which no response is required. To the extent a response is required, denied.

## CLAIMS

### COUNT I – FMLA Retaliation

38. This paragraph states legal conclusions and characterizations to which no response is required. To the extent a response is required, denied.

39. This paragraph states legal conclusions and characterizations to which no response is required. To the extent a response is required, denied.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' alleged injuries and on that basis denies them. Defendant further specifically denies that Plaintiffs' alleged losses were due to Defendant's actions. Otherwise denied.

### COUNT II – Sex Discrimination

41. This paragraph states legal conclusions and characterizations to which no response is required. This paragraph also contains allegations relating to a theory that has been dismissed with prejudice, to which no response is required. To the extent a response is required, denied.

42. This paragraph states legal conclusions and characterizations to which no response is required. To the extent this paragraph also contains allegations relating to a theory that have

been dismissed with prejudice, no response is required. To the extent a response is required, denied.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' alleged injuries and on that basis denies them. Defendant further specifically denies that Plaintiffs' alleged losses were due to Defendant's actions. Otherwise denied.

COUNT III – Equal Pay Act

44. This paragraph pertains to a claim that has been dismissed with prejudice, to which no response is required. To the extent a response is required, denied.

45. This paragraph pertains to a claim that has been dismissed with prejudice, to which no response is required. To the extent a response is required, denied.

46. This paragraph pertains to a claim that has been dismissed with prejudice, to which no response is required. To the extent a response is required, denied.

COUNT IV – Retaliation

47. This paragraph pertains to a claim that has been dismissed with prejudice, to which no response is required. To the extent a response is required, denied.

48. This paragraph pertains to a claim that has been dismissed with prejudice, to which no response is required. To the extent a response is required, denied.

49. This paragraph pertains to a claim that has been dismissed with prejudice, to which no response is required. To the extent a response is required, denied.

## PRAYER FOR RELIEF

Plaintiffs' prayer for relief does not contain any factual allegations that require a response. To the extent a response is required, denied.

## DEFENSES

Without assuming any burden it would not otherwise bear under the law, and without conceding that any listed defense is necessarily one in which Defendant bears any burden of proof, Defendant asserts the following defenses:

**First Additionl Defense**

Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

**Second Additionl Defense**

Plaintiff's pay-based claims are barred from further prosecution by the Court's Order, ECF 21.

**Third Additionl Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff received all FMLA benefits to which she was entitled, and such benefits were not interfered with, denied, or otherwise actionable.

**Fourth Additionl Defense**

Plaintiff's claims are barred, in whole or in part, because Defendant did not take any adverse action against Plaintiff based on her FMLA leave or a protected status or unlawfully terminate her employment.

**Fifth Additionl Defense**

Plaintiff's claims are barred, in whole or in part, because Defendant has, at all times relevant to this action, acted in good faith toward Plaintiff and acted in compliance with all applicable laws.

**Sixth Additionl Defense**

Plaintiff's claims are barred, in whole or in part, because Defendant had legitimate, non-discriminatory, non-retaliatory reasons for its alleged actions, and Plaintiff cannot show those reasons to be pretexts for discrimination.

**Seventh Additionl Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiffs' sex/gender and FMLA leave was not a but-for, motivating factor, or legally sufficient cause of any adverse action.

**Eighth Additionl Defense**

Plaintiff's claims are barred, in whole or in part, because its actions were not taken against Plaintiff for any illegal or improper motive and it would have taken the same action irrespective of such motive based on legitimate, non-discriminatory business reasons.

**Ninth Additionl Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiffs has not suffered any actual injury or damages as a result of any conduct alleged as a basis of this lawsuit, or in the manner or extent alleged.

**Tenth Additionl Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages, if any, are too speculative and uncertain.

**Eleventh Additionl Defense**

Plaintiff's claims are barred, in whole or in part, because Defendants' actions are not the proximate cause of any injuries to Plaintiff.

**Twelfth Additionl Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiffs' damages, if any, are limited by damages limitations under applicable law and/or she is not entitled to the relief requested.

**Thirteenth Additionl Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to make reasonable efforts to mitigate alleged damages and losses.

**Fourteenth Additionl Defense**

Plaintiffs' recovery, if any, is barred or must be reduced by interim earnings, income, benefits, payments, and any other amounts that may be offset or set off under applicable law.

**Fifteenth Additionl Defense**

Plaintiff's claims are barred, in whole or in part, because Defendant did not willfully or intentionally violate any statute.

**Sixteenth Additionl Defense**

Plaintiff is not entitled to punitive damages because Defendant did not act with malice or with reckless indifference towards Plaintiff.

**Seventeenth Additionl Defense**

Plaintiff's claims are barred, in whole or in part, to the extent the after-acquired evidence doctrine is applicable.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial on all issues so triable.

Defendant reserves the right to amend this Answer and to assert additional defenses as this action proceeds.

Dated: August 13, 2026

Respectfully submitted,

GOODWIN PROCTER LLP

By: */s/ Katherine Cheng*

Katherine Cheng
KatherineCheng@goodwinlaw.com
GOODWIN PROCTER LLP
1900 N Street NW
Washington, District of Columbia
Telephone:+1 202 346 4000

Liam Gaarder-Feingold (*pro hac vice application filed)*
lgaarderfeingold@goodwinlaw.com
GOODWIN PROCTER LLP
525 Market Street, Floor 32
San Francisco, California 94105
Telephone:+1 415 733 6000

Attorneys for Defendant
IN-Q-TEL, INC.

**CERTIFICATE OF SERVICE**

I, Katherine Cheng, hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as indicated on the Notice of Electronic Filing (NEF) on August 13, 2026.

/s/ *Katherine Cheng*
Katherine Cheng